RECEIVED IN CLERK'S OFFICE
DATE 8/18/26

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

REVEREND ZACHARIAH TRINGALI, Plaintiff,

v.

FLOCK GROUP, INC., d/b/a FLOCK SAFETY; FLOCK SAFETY OFFICERS, EMPLOYEES, AGENTS, AND CONTRACTORS, JOHN/JANE DOES 1–20; MUNICIPALITIES, LAW-ENFORCEMENT AGENCIES, AND GOVERNMENT OFFICIALS THAT AUTHORIZED, OPERATED, ACCESSED, SEARCHED, OR SHARED FLOCK SURVEILLANCE DATA, JOHN/JANE DOES 21–50; and DOES 51–100,

Defendants.

Civil Action No. ___________

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

42 U.S.C. §§ 1983 AND 1988; UNITED STATES CONSTITUTION, FIRST, FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS; AND APPLICABLE FEDERAL AND STATE PRIVACY LAWS

Plaintiff Reverend Zachariah Tringali, proceeding pro se, brings this civil-rights and privacy action against Flock Group, Inc., doing business as Flock Safety, together with governmental entities and unidentified officials who participated in the acquisition, deployment, operation, access, search, retention, dissemination, or misuse of Flock surveillance information.

Plaintiff alleges that the defendants have created, operated, facilitated, or participated in a system of pervasive vehicle surveillance capable of recording and retaining information concerning the movements of ordinary Americans, including Plaintiff, without constitutionally sufficient safeguards, individualized suspicion, judicial authorization, meaningful notice, or adequate limitations on governmental access.

Plaintiff further alleges that discovery is necessary to determine the full technological capabilities of the Flock system, including whether particular devices or connected systems capture, process, transmit, retain, or permit access to audio; whether Flock data has been combined with other governmental databases or surveillance systems; whether information has been used to identify individuals associated with particular locations, religious activities, political activities, demonstrations, ministries, journalists, or protected speech; and whether any connected technology has ever been used or capable of being used to initiate, facilitate, request, or communicate a vehicle immobilization or other intervention.

Plaintiff does not presently allege, as an established fact, that every Flock camera can directly disable a vehicle. Plaintiff specifically seeks discovery, forensic examination, technical documentation, contracts, system architecture, access logs, audit records, communications, and

other evidence necessary to determine whether Flock technology has been connected to or integrated with systems capable of affecting vehicle operation or generating governmental interventions affecting a vehicle's operation.

## I. PARTIES

1. Plaintiff is Reverend Zachariah Tringali, an ordained minister, outreach worker, author, activist, and civil-rights advocate.

2. Plaintiff's address is 362 Green Street, Cambridge, Massachusetts 02129.

3. Plaintiff's telephone number is 603-661-9745.

4. Plaintiff's email address is zacharytringali@gmail.com.

5. Defendant Flock Group, Inc., doing business as Flock Safety, is a private corporation engaged in the development, deployment, sale, leasing, operation, maintenance, and support of automated license-plate reader and vehicle-surveillance technology.

6. Defendants John/Jane Does 1–20 are Flock officers, employees, agents, contractors, engineers, administrators, or other persons whose identities and specific involvement will be determined through discovery.

7. Defendants John/Jane Does 21–50 include governmental officials and employees who authorized, operated, accessed, searched, retained, disseminated, or otherwise used Flock surveillance information concerning Plaintiff or members of the public.

8. Defendants Does 51–100 include municipalities, agencies, private contractors, technology providers, and other entities that participated in the alleged surveillance system or its integration with other databases, communications systems, or governmental functions.

## II. JURISDICTION

9. This action arises under the Constitution and laws of the United States, including the First, Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §§ 1983 and 1988.

10. This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

11. Plaintiff seeks declaratory and injunctive relief pursuant to applicable federal law.

12. Plaintiff further invokes supplemental jurisdiction over related state-law privacy claims pursuant to 28 U.S.C. § 1367 where appropriate.

## III. FACTUAL ALLEGATIONS

13. Flock's technology is designed to identify and record vehicles and license plates passing designated cameras.

14. Flock's published materials acknowledge that LPR information can include license-plate images, vehicle images, vehicle characteristics, license-plate numbers, state information, dates, times, and camera locations.

15. Flock's published privacy policy also acknowledges that certain Flock products may process video and/or audio signals and data, depending upon the particular product.

16. Plaintiff alleges that the widespread deployment of automated vehicle surveillance creates a substantial risk that the government can reconstruct a person's movements over time.

17. A vehicle is frequently associated with a particular person, household, ministry, workplace, residence, religious organization, political activity, medical facility, attorney, journalist, or other constitutionally protected association.

18. Consequently, systematic collection and retrospective searching of vehicle-location information can reveal highly sensitive information about a person's private life, associations, movements, and activities.

19. Plaintiff alleges that the defendants have participated in or facilitated surveillance occurring from approximately 2020 to the present, although the precise date, geographic scope, equipment, contracts, agencies, retention periods, and individual searches are presently unknown.

20. Plaintiff therefore seeks discovery concerning the entire period beginning January 1, 2020.

21. Plaintiff alleges that government agencies have been able to search or obtain surveillance information concerning vehicles without obtaining a traditional judicial warrant in circumstances where the aggregate information effectively permits reconstruction of a person's movements.

22. Plaintiff alleges that the absence of meaningful judicial oversight creates a substantial risk of arbitrary governmental surveillance.

23. Plaintiff further alleges that Flock's system may be capable of integration with other governmental databases, hotlists, dispatch systems, investigative systems, or other technologies.

24. Plaintiff seeks discovery concerning every such integration.

25. Plaintiff further alleges that law-enforcement searches of the system may reveal where an individual traveled, when the individual traveled, which locations the individual visited, and potentially which people or organizations the individual associated with.

26. Plaintiff alleges that such information is particularly sensitive when used to identify persons attending churches, ministries, political meetings, protests, demonstrations, shelters, outreach operations, civil-rights activities, or other protected gatherings.

27. Plaintiff alleges that surveillance of protected activity can have a chilling effect upon speech, religion, assembly, association, journalism, political participation, and petitioning of government.

28. Plaintiff further alleges that surveillance data can be misused by individual officers or officials for personal, retaliatory, discriminatory, harassing, or investigatory purposes unrelated to legitimate law-enforcement objectives.

29. Plaintiff seeks all access logs, search histories, audit trails, account records, search justifications, warrants, subpoenas, administrative requests, hotlist records, data-sharing records, and dissemination records concerning Plaintiff.

30. Plaintiff further seeks records identifying every governmental entity that has possessed, accessed, searched, queried, received, copied, exported, or disseminated information capable of identifying Plaintiff's vehicle or movements.

31. Plaintiff alleges that defendants have failed to provide constitutionally adequate safeguards against unreasonable governmental searches and seizures of such information.

32. Plaintiff further alleges that the defendants' policies, practices, customs, training, supervision, retention policies, and technological architecture permitted or facilitated unconstitutional surveillance.

33. Plaintiff alleges that any governmental access to prolonged, comprehensive historical location information concerning an identifiable individual constitutes a materially greater intrusion than merely observing a vehicle on a single public roadway.

34. Plaintiff further alleges that the aggregation of individual observations creates a substantially different privacy intrusion from isolated visual observation.

35. Plaintiff also seeks discovery concerning whether Flock surveillance information has been used to generate automated alerts or governmental interventions affecting

vehicles.

36. Plaintiff is particularly concerned with whether any Flock-connected technology, third-party integration, governmental system, communications interface, or automated alert has ever been used to initiate or facilitate the stopping, disabling, immobilization, detention, or other interference with a motor vehicle.

37. Plaintiff alleges that if any such technology exists or has been deployed without adequate safeguards, an erroneous identification, defective database entry, software malfunction, communications error, or mistaken hotlist match could create a serious physical safety hazard.

38. A technological error resulting in a vehicle being stopped, disabled, immobilized, or subjected to an emergency governmental intervention while traveling on a highway could create a foreseeable risk of serious injury or death.

39. Plaintiff therefore seeks technical discovery sufficient to determine whether such functionality exists, whether it has ever been deployed, what safeguards exist, who controls it, and what procedures are followed before any intervention affecting a vehicle is initiated.

40. Plaintiff further seeks discovery concerning whether Flock or governmental customers have installed, operated, or authorized microphones, audio capture, audio processing, or other listening functionality in locations where individuals could reasonably expect that private conversations would not be technologically intercepted or recorded.

41. If audio surveillance occurred without lawful authority, consent, or compliance with applicable federal and state wiretap and privacy laws, Plaintiff alleges that such conduct constitutes an independent violation of law.

42. Plaintiff alleges that the defendants' conduct has caused actual and threatened injury to Plaintiff's constitutional rights, privacy interests, liberty interests, freedom of movement, freedom of speech, freedom of religion, freedom of association, and right to be free from unreasonable governmental searches and seizures.

## COUNT I 42 U.S.C. § 1983 — FOURTH AMENDMENT UNREASONABLE SEARCHES AND SEIZURES

43. Plaintiff incorporates all preceding allegations.

44. The Fourth Amendment protects persons against unreasonable searches and seizures.

45. The Supreme Court has recognized that prolonged governmental tracking of a person's movements can implicate Fourth Amendment protections.

46. Defendants' collection, aggregation, retention, searching, and disclosure of vehicle-location information concerning Plaintiff, particularly when performed over extended periods, constitutes a search where the circumstances invade Plaintiff's reasonable expectation of privacy or otherwise constitute a constitutionally significant intrusion.

47. Government defendants cannot evade constitutional limitations merely by outsourcing surveillance infrastructure to a private corporation.

48. Plaintiff alleges that defendants conducted or facilitated searches without warrants, probable cause, individualized suspicion, or constitutionally adequate safeguards.

49. Plaintiff seeks declaratory relief, injunctive relief, damages where legally available, and all other appropriate remedies.

COUNT II FOURTH AMENDMENT — DIGITAL MOVEMENT SURVEILLANCE

50. Plaintiff incorporates all preceding allegations.

51. Aggregated vehicle-location data can reveal a person's movements over days, weeks, months, or years.

52. Such information can expose intimate details concerning a person's associations, religious activities, political activities, professional activities, medical activities, family relationships, and private life.

53. Plaintiff alleges that defendants' prolonged collection and retrospective searching of such information constitutes a constitutionally significant search when performed without adequate judicial authorization.

54. Plaintiff seeks an order requiring constitutionally sufficient standards governing collection, retention, querying, dissemination, and destruction of such information.

COUNT III FIRST AMENDMENT — FREEDOM OF SPEECH, RELIGION, ASSEMBLY, ASSOCIATION, AND PETITION

55. Plaintiff incorporates all preceding allegations.

56. The First Amendment protects freedom of speech, religion, peaceful assembly, association, journalism, and petitioning government.

57. Government surveillance that identifies or monitors individuals because of their protected speech, religious activities, political activities, civil-rights advocacy, ministry work, or association may violate the First Amendment.

58. Plaintiff alleges that vehicle surveillance can reveal attendance at religious services, ministry locations, political events, protests, civil-rights activities, public meetings, and other protected activities.

59. Plaintiff further alleges that surveillance of protected activities can chill participation because individuals may reasonably fear that their movements and associations are being recorded and made available to law enforcement.

60. To the extent defendants targeted Plaintiff or his protected activities because of his speech, religious ministry, civil-rights advocacy, political activity, or criticism of government, Plaintiff alleges an independent First Amendment violation.

61. Plaintiff seeks declaratory, injunctive, and monetary relief as permitted by law.

COUNT IV FOURTEENTH AMENDMENT — DUE PROCESS

62. Plaintiff incorporates all preceding allegations.

63. Government defendants may not deprive persons of protected liberty or property interests through arbitrary governmental action without constitutionally adequate process.

64. Plaintiff alleges that secret surveillance systems, undisclosed data collection, erroneous watchlist information, arbitrary searches, and governmental interventions based upon inaccurate or incomplete information can deprive individuals of protected interests without meaningful notice or opportunity to challenge the underlying information.

65. Plaintiff further alleges that if an automated or semi-automated surveillance system produces consequences affecting an individual's liberty, property, freedom of movement, or safety, constitutionally adequate procedural safeguards may be required.

66. Plaintiff seeks disclosure of the procedures by which individuals can challenge inaccurate records, erroneous vehicle identification, false alerts, mistaken hotlist matches, and improper governmental searches.

COUNT V FOURTEENTH AMENDMENT — EQUAL PROTECTION

67. Plaintiff incorporates all preceding allegations.

68. Government officials may not intentionally administer surveillance programs in a discriminatory manner or selectively target individuals based upon protected classifications or constitutionally protected conduct.

69. Plaintiff alleges that discovery is required to determine whether Flock surveillance was selectively deployed, searched, or used against particular individuals, neighborhoods, religious groups, political organizations, civil-rights activists, homeless persons, minorities, or other protected classes or groups.

70. If discovery establishes discriminatory enforcement or selective governmental surveillance, Plaintiff seeks appropriate relief under the Equal Protection Clause.

COUNT VI FIFTH AMENDMENT — DUE PROCESS AND PROPERTY RIGHTS TO THE EXTENT APPLICABLE TO FEDERAL ACTORS

71. Plaintiff incorporates all preceding allegations.

72. To the extent federal governmental actors or agencies participated in the conduct alleged herein, Plaintiff invokes applicable Fifth Amendment protections against deprivation of life, liberty, or property without due process of law.

73. Plaintiff further seeks investigation into whether governmental surveillance systems have resulted in deprivation or interference with protected property interests without adequate notice or process.

74. Plaintiff expressly pleads this claim only to the extent applicable under federal law and against defendants subject to the Fifth Amendment.

COUNT VII FIRST AND FOURTEENTH AMENDMENTS — RETALIATION

75. Plaintiff incorporates all preceding allegations.

76. Government officials may not use governmental power to retaliate against a person for exercising constitutionally protected speech, petition, religious activity, association, journalism, or civil-rights advocacy.

77. Plaintiff alleges that if surveillance searches, alerts, database queries, or governmental interventions were initiated because Plaintiff criticized government officials, reported governmental misconduct, engaged in ministry, participated in political activity, or exercised other protected rights, such conduct constitutes unconstitutional retaliation.

COUNT VIII UNLAWFUL AUDIO SURVEILLANCE / STATE AND FEDERAL PRIVACY LAWS

78. Plaintiff incorporates all preceding allegations.

79. To the extent defendants captured, intercepted, recorded, transmitted, stored, or disclosed private audio communications, Plaintiff alleges violations of applicable federal and state wiretap, electronic surveillance, and privacy laws.

80. Plaintiff seeks production of technical specifications identifying every Flock product capable of capturing audio, every location where such products were deployed, the dates of activation, audio-storage policies, audio-retention policies, access logs, recordings, metadata, and every governmental entity that received or accessed such information.

81. Plaintiff reserves the right to amend this count after discovery identifies the precise statutory violations and jurisdictions involved.

COUNT IX MONELL LIABILITY — MUNICIPAL POLICIES, CUSTOMS, FAILURE TO TRAIN, SUPERVISE, AND CONTROL

82. Plaintiff incorporates all preceding allegations.

83. Government entities are responsible under 42 U.S.C. § 1983 where an unconstitutional deprivation results from an official policy, widespread custom, deliberately indifferent failure to train or supervise, or decision by an official possessing final policymaking authority.

84. Plaintiff alleges that governmental entities adopted, approved, funded, or continued surveillance programs without constitutionally adequate safeguards.

85. Plaintiff further alleges inadequate training concerning warrants, constitutional searches, First Amendment activity, religious association, data retention, database searches, discriminatory use, and protection against misuse.

86. Plaintiff seeks discovery concerning contracts, policies, training materials, memoranda, standard operating procedures, audit reports, complaints, disciplinary records, search logs, and governmental oversight of Flock systems.

COUNT X DECLARATORY AND INJUNCTIVE RELIEF

87. Plaintiff incorporates all preceding allegations.

88. An actual controversy exists concerning the constitutionality and legality of the defendants' surveillance practices.

89. Plaintiff requests a declaration that defendants may not conduct prolonged or otherwise constitutionally unreasonable surveillance of Plaintiff through automated vehicle-location systems.

90. Plaintiff requests appropriate injunctive relief requiring constitutional safeguards, judicial authorization where required, limitations on data retention, access controls, audit mechanisms, correction procedures, and restrictions upon surveillance of protected First Amendment activity.

91. Plaintiff further requests an injunction preventing defendants from using inaccurate or unlawfully obtained surveillance information against Plaintiff.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that defendants' unlawful surveillance practices violate Plaintiff's constitutional rights;

B. Declare that government defendants may not evade constitutional requirements by outsourcing surveillance functions to a private corporation;

C. Enjoin defendants from conducting unconstitutional searches of Plaintiff's vehicle-location information;

D. Require defendants to preserve all data concerning Plaintiff and his vehicle pending final resolution of this action;

E. Order defendants to identify every governmental agency, official, employee, contractor, or private entity that has accessed, searched, received, copied, exported, or disseminated Plaintiff's surveillance information;

F. Order production of all records concerning Plaintiff's vehicle, license plate, vehicle characteristics, locations, timestamps, alerts, searches, queries, hotlist matches, audio recordings, video recordings, metadata, audit logs, and dissemination records;

G. Order defendants to disclose every Flock product deployed during the relevant period and its technical capabilities;

H. Order defendants to disclose whether any Flock system has ever been integrated with a system capable of communicating with, stopping, disabling, immobilizing, or otherwise affecting the operation of a motor vehicle;

I. Order defendants to disclose every governmental contract, purchase order, subscription, data-sharing agreement, memorandum of understanding, policy, and technical integration concerning Flock surveillance from January 1, 2020, to the present;

J. Order appropriate deletion or restriction of unlawfully collected information concerning Plaintiff;

K. Award compensatory damages in an amount to be established at trial;

L. Award punitive damages against individual defendants where permitted by law;

M. Award nominal damages where appropriate;

N. Award reasonable costs and attorney's fees pursuant to 42 U.S.C. § 1988 where legally available;

O. Grant such other and further relief as this Court determines to be just and proper.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

REVEREND ZACHARIAH TRINGALI Plaintiff, Pro Se House of Mercy Ministries 362 Green Street Cambridge, Massachusetts 02129 603-661-9745 zacharytringali@gmail.com

ADDITIONAL COUNTS AND JURISDICTIONAL ALLEGATIONS

COUNT XI

FIRST AMENDMENT — FREEDOM OF RELIGION,

FREE EXERCISE, SPEECH, ASSEMBLY, ASSOCIATION,

AND PETITION

92. Plaintiff incorporates every preceding allegation.

93. Plaintiff is an ordained minister who engages in public religious ministry, outreach, speech, assembly, advocacy, and charitable activity.

108. Article II of the Massachusetts Declaration of Rights protects religious worship and religious profession from governmental restraint, subject to the constitutional limitation concerning public peace and interference with others' worship.

109. Article XLVI, §1 provides that no law shall be passed prohibiting the free exercise of religion.

110. Plaintiff alleges that governmental surveillance and interference with his public religious ministry, when undertaken because of or in retaliation for his religious activities, constitutes governmental restraint upon religious exercise.

111. Plaintiff further alleges that governmental officials cannot use surveillance technology to accomplish indirectly what the government could not lawfully accomplish directly—namely, suppressing or intimidating protected religious ministry.

112. Plaintiff seeks all remedies available under Massachusetts law.

COUNT XIV

MASSACHUSETTS CONSTITUTION

RELIGIOUS EQUALITY AND PROTECTION

113. Plaintiff incorporates every preceding allegation.

114. The Massachusetts Constitution protects religious exercise and provides constitutional protection for religious activity within the Commonwealth.

115. Plaintiff alleges that governmental defendants selectively surveilled, investigated, monitored, restricted, or interfered with Plaintiff's religious ministry or associated persons.

I. Order defendants to disclose every governmental contract, purchase order, subscription, data-sharing agreement, memorandum of understanding, policy, and technical integration concerning Flock surveillance from January 1, 2020, to the present;

J. Order appropriate deletion or restriction of unlawfully collected information concerning Plaintiff;

K. Award compensatory damages in an amount to be established at trial;

L. Award punitive damages against individual defendants where permitted by law;

M. Award nominal damages where appropriate;

N. Award reasonable costs and attorney's fees pursuant to 42 U.S.C. § 1988 where legally available;

O. Grant such other and further relief as this Court determines to be just and proper.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

REVEREND ZACHARIAH TRINGALI Plaintiff, Pro Se House of Mercy Ministries 362 Green Street Cambridge, Massachusetts 02129 603-661-9745 zacharytringali@gmail.com

ADDITIONAL COUNTS AND JURISDICTIONAL ALLEGATIONS

COUNT XI

FIRST AMENDMENT — FREEDOM OF RELIGION,

FREE EXERCISE, SPEECH, ASSEMBLY, ASSOCIATION,

AND PETITION

92. Plaintiff incorporates every preceding allegation.

93. Plaintiff is an ordained minister who engages in public religious ministry, outreach, speech, assembly, advocacy, and charitable activity.

94. Plaintiff's public ministry constitutes protected religious exercise, speech, assembly, association, and petitioning activity.

95. The First Amendment protects the free exercise of religion and prohibits government from abridging speech, peaceful assembly, association, and the right to petition government for redress of grievances.

96. Government surveillance of a religious minister, congregation, ministry participants, volunteers, donors, supporters, or persons attending religious activities can burden the exercise of religion and chill protected association.

97. Plaintiff alleges that governmental defendants used, accessed, searched, retained, or disseminated Flock surveillance information in a manner that monitored, identified, mapped, or otherwise subjected Plaintiff's religious ministry and public activities to governmental surveillance.

98. Plaintiff further alleges that surveillance of Plaintiff's ministry locations, religious gatherings, public outreach, church-related activities, demonstrations, meetings, and associated persons interferes with the constitutional right to engage in religious exercise without governmental intimidation or unjustified surveillance.

99. If governmental defendants selected, searched, or used surveillance information because of Plaintiff's religious ministry, criticism of government, civil-rights advocacy, political activity, or public speech, such conduct constitutes unconstitutional viewpoint discrimination and retaliation.

100. Plaintiff seeks declaratory, injunctive, compensatory, nominal, and other relief permitted by law.

COUNT XII

RELIGIOUS FREEDOM — GOVERNMENTAL BURDEN

ON PUBLIC MINISTRY

101. Plaintiff incorporates every preceding allegation.

102. Plaintiff's ministry involves religious expression and exercise conducted in public spaces.

103. Government may regulate conduct in public spaces through legitimate, neutral laws, but it may not use surveillance technology as a pretext to suppress, intimidate, discriminate against, or substantially burden religious exercise.

104. Plaintiff alleges that surveillance, monitoring, identification, tracking, or governmental intervention directed at his ministry or persons participating in his ministry substantially interfered with protected religious activity.

105. Plaintiff seeks an adjudication of whether the government's surveillance practices are neutral and generally applicable or instead selectively burden Plaintiff's religious exercise.

106. Where strict scrutiny applies, Plaintiff alleges that defendants must establish a compelling governmental interest and use means narrowly tailored to accomplish that interest.

COUNT XIII

MASSACHUSETTS CONSTITUTION

ARTICLE II AND ARTICLE XLVI

FREEDOM OF RELIGION

107. Plaintiff incorporates every preceding allegation.

116. Plaintiff alleges that unequal governmental treatment based upon religion, religious activity, religious association, or religious viewpoint violates applicable Massachusetts constitutional protections.

117. Plaintiff requests declaratory and injunctive relief and any damages remedy recognized under Massachusetts law.

COUNT XV

FIRST AMENDMENT — FREEDOM OF PEACEFUL ASSEMBLY

118. Plaintiff incorporates every preceding allegation.

119. Public religious ministry necessarily involves the gathering of people for worship, prayer, charitable outreach, speech, discussion, education, and community assistance.

120. The First Amendment protects peaceful assembly.

121. Government surveillance capable of identifying attendees, participants, vehicles, volunteers, supporters, and associates may chill participation in Plaintiff's public ministry.

122. Plaintiff alleges that defendants' surveillance practices have the effect, purpose, or foreseeable consequence of discouraging persons from attending or participating in Plaintiff's ministry.

123. Plaintiff seeks an injunction prohibiting surveillance practices that target protected assembly without lawful constitutional justification.

COUNT XVI

FIRST AMENDMENT — RETALIATION AGAINST

RELIGIOUS AND CIVIC ACTIVITY

124. Plaintiff incorporates every preceding allegation.

125. Plaintiff has engaged in public speech, religious ministry, civil-rights advocacy, political activity, and criticism of governmental conduct.

126. Those activities constitute protected First Amendment activity.

127. Government officials may not use governmental surveillance systems to retaliate against an individual for exercising constitutional rights.

128. Plaintiff alleges that any Flock searches, surveillance queries, alerts, investigations, vehicle monitoring, database searches, or governmental interventions undertaken because of Plaintiff's protected activity constitute retaliation.

129. Plaintiff seeks discovery identifying the officials who initiated or approved any surveillance concerning Plaintiff and the reasons for each search or query.

COUNT XVII

CHURCH-STATE SEPARATION

AND GOVERNMENTAL RELIGIOUS ENTANGLEMENT

130. Plaintiff incorporates every preceding allegation.

131. The First Amendment contains both the Establishment Clause and Free Exercise Clause.

132. Government must not use its regulatory or surveillance authority to favor, disfavor, suppress, monitor, or discriminate against religious activity because of its religious character.

133. Plaintiff alleges that governmental surveillance of religious ministry, if motivated by religious viewpoint or religious identity, creates unconstitutional governmental interference with protected religious activity.

134. Plaintiff further alleges that governmental officials must maintain constitutional neutrality rather than using governmental surveillance infrastructure to monitor or control religious ministry.

135. Plaintiff seeks a judicial declaration defining the constitutional limits applicable to governmental surveillance of Plaintiff's religious ministry.

COUNT XVIII

FOURTH AMENDMENT — RELIGIOUS ASSOCIATION

AND MOVEMENT SURVEILLANCE

136. Plaintiff incorporates every preceding allegation.

137. Government surveillance of vehicles traveling to churches, ministries, religious gatherings, shelters, outreach locations, or other religious activities can reveal constitutionally protected associations.

138. Aggregated surveillance can reveal substantially more information than a single observation in a public place.

139. Plaintiff alleges that defendants used or facilitated prolonged surveillance capable of reconstructing Plaintiff's movements and religious associations.

140. Plaintiff alleges that searches of such information were conducted without constitutionally sufficient judicial authorization or individualized suspicion.

141. Plaintiff requests disclosure of all searches involving Plaintiff's vehicle, locations associated with Plaintiff, and known ministry locations.

COUNT XIX

MASSACHUSETTS GENERAL LAWS

CHAPTER 272, §99 — UNLAWFUL

INTERCEPTION OF ORAL COMMUNICATIONS

142. Plaintiff incorporates every preceding allegation.

143. Plaintiff alleges, upon information and belief and subject to discovery, that certain surveillance technology may possess audio-recording, audio-processing, or listening capabilities.

144. Plaintiff specifically seeks discovery establishing which products deployed in Massachusetts were capable of capturing or processing audio.

145. Plaintiff further seeks the identity and location of every such device, activation dates, recordings, metadata, retention records, access logs, governmental requests, and disclosures.

146. If defendants intentionally intercepted oral communications in violation of Massachusetts law, Plaintiff alleges an independent statutory violation.

147. Massachusetts law provides a civil cause of action for an aggrieved person whose oral or wire communications or privacy interests were unlawfully intercepted, disclosed, or used. Mass. Gen. Laws ch. 272, §99.

148. Plaintiff seeks all damages, statutory remedies, costs, and other relief available under §99.

COUNT XX

42 U.S.C. §1983 — GOVERNMENTAL

JOINT ACTION WITH PRIVATE SURVEILLANCE COMPANY

149. Plaintiff incorporates every preceding allegation.

150. Plaintiff alleges that governmental defendants contracted with, purchased services from, directed, authorized, or otherwise jointly participated with Flock in the surveillance activities challenged herein.

151. Plaintiff further alleges that Flock's involvement was not merely an independent commercial relationship where discovery establishes that governmental defendants directed, controlled, requested, or substantially participated in the challenged searches.

152. To the extent discovery establishes joint action, conspiracy, governmental direction, coercion, or substantial governmental entwinement, Plaintiff seeks relief under 42 U.S.C. §1983.

153. Plaintiff requests discovery sufficient to determine the relationship between Flock and each governmental defendant.

COUNT XXI

MONELL LIABILITY — GOVERNMENTAL SURVEILLANCE

POLICY, CUSTOM, TRAINING, AND SUPERVISION

154. Plaintiff incorporates every preceding allegation.

155. Governmental entities adopted, purchased, authorized, funded, maintained, or continued automated vehicle-surveillance systems.

156. Plaintiff alleges that governmental entities failed to establish constitutionally adequate policies concerning:

a. First Amendment-protected religious activity;

b. public ministry;

c. peaceful assembly;

d. religious association;

e. political speech;

f. civil-rights advocacy;

g. warrant requirements;

h. prolonged movement tracking;

i. database searches;

j. retention of surveillance information;

k. dissemination of surveillance information;

l. erroneous vehicle identification;

m. false alerts;

n. audio surveillance;

o. correction of inaccurate information;

p. discriminatory surveillance; and

q. retaliation against protected activity.

157. Plaintiff alleges that these failures constitute policies, customs, practices, or deliberate indifference sufficient to support municipal liability where the required elements are established.

COUNT XXII

RELIGIOUS FREEDOM RESTORATION ACT

TO THE EXTENT FEDERAL GOVERNMENT ACTORS ARE INVOLVED

158. Plaintiff incorporates every preceding allegation.

159. To the extent federal governmental defendants participated in the challenged conduct, Plaintiff invokes the Religious Freedom Restoration Act, 42 U.S.C. §§2000bb et seq.

160. Plaintiff alleges that federal governmental action substantially burdened his exercise of religion.

161. Plaintiff alleges that any such burden must satisfy the statutory compelling-interest and least-restrictive-means standards applicable to the challenged federal action.

162. Plaintiff reserves all remedies available under RFRA.

163. Plaintiff recognizes that RFRA's applicability differs depending upon whether the challenged governmental conduct is federal, state, or local. The Supreme Court's decision in City of Boerne v. Flores limits Congress's ability to apply RFRA to state and local governments, making the First Amendment and applicable state constitutional protections particularly important for state and municipal defendants.

COUNT XXIII

DECLARATORY JUDGMENT — CONSTITUTIONAL

LIMITS ON SURVEILLANCE OF RELIGIOUS MINISTRY

164. Plaintiff incorporates every preceding allegation.

165. Plaintiff seeks a declaration establishing that governmental defendants may not use automated vehicle-surveillance technology to target, suppress, intimidate, retaliate against, or substantially burden Plaintiff's protected religious ministry or peaceful assembly without lawful constitutional justification.

166. Plaintiff further seeks a declaration that governmental surveillance of religious association must comply with the First and Fourth Amendments and applicable Massachusetts constitutional and statutory protections.

COUNT XXIV

INJUNCTIVE RELIEF — PROTECTION OF

RELIGIOUS MINISTRY AND ASSEMBLY

167. Plaintiff incorporates every preceding allegation.

168. Plaintiff requests preliminary and permanent injunctive relief prohibiting governmental defendants from:

a. targeting Plaintiff because he conducts religious ministry;

b. monitoring religious gatherings solely because they are religious gatherings;

c. identifying participants in Plaintiff's ministry without lawful constitutional justification;

d. searching vehicle-location data for the purpose of identifying religious associates;

e. using surveillance to retaliate against protected speech or religious activity;

f. using unlawfully obtained audio or surveillance information;

g. disseminating unlawfully obtained information concerning Plaintiff's ministry;

h. using false or inaccurate surveillance information against Plaintiff; and

i. interfering with lawful public religious assembly.

169. Plaintiff further requests preservation of all potentially relevant surveillance evidence pending resolution of this action.

ADDITIONAL JURISDICTIONAL BASIS

170. This Court has jurisdiction over federal constitutional claims pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983.

171. This Court has jurisdiction over claims arising under federal civil-rights statutes pursuant to 28 U.S.C. §1343.

172. This Court may exercise supplemental jurisdiction over related Massachusetts constitutional and statutory claims pursuant to 28 U.S.C. §1367 when those claims form part of the same case or controversy.

173. Plaintiff reserves all claims arising under applicable Massachusetts privacy, wiretap, civil-rights, tort, and constitutional law.

174. Plaintiff further reserves claims arising under federal privacy, electronic surveillance, civil-rights, and religious-liberty statutes when discovery establishes the factual and statutory basis for such claims.

175. Plaintiff seeks relief against governmental defendants in their official capacities where prospective declaratory or injunctive relief is legally available and against individual defendants where the applicable law permits personal liability.

176. Plaintiff seeks appropriate relief against private defendants only to the extent their conduct is independently actionable or their conduct is sufficiently connected to governmental action to establish liability under the applicable law.

177. Plaintiff expressly requests that the Court permit amendment of this Complaint after discovery identifies additional defendants, governmental entities, surveillance products, technical capabilities, searches, communications, audio interceptions, contracts, and constitutional violations.

Reverend Zachariah Tringali of

362 green street cambridge ma 02139

Date: 8/11/26

Name Rev Zachariah Tringali

X [illegible]

Phone number 603 661 4745

Address 362 Green ST Cambridge ma 02139